UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ANTONIO GOODWIN,<br><br>            Plaintiff,<br>vs.<br><br>AT&T,<br><br>            Defendant. | Case No.: 2:23-cv-01950-GMN-DJA<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS** |

       Pending before the Court is the Motion for Judgment on the Pleadings, (ECF No. 13), filed by Defendant AT&T Corp. *Pro se* Plaintiff Antonio Goodwin filed a Motion to Supplement the Records for the Time Period in Dispute, (ECF No. 26), which the Court liberally construes[1] as a response, and a second Response, (ECF No. 28), to which AT&T filed a Reply, (ECF No. 30).

       Also pending before the Court are Plaintiff's Motion Seeking Motion from Defendant, (ECF No. 23), and Motion to Strike, (ECF No. 29), in addition to AT&T's First and Second Motions to Strike, (ECF Nos. 18, 27).

       For the reasons discussed below, the Court **DENIES** AT&T's Motion for Judgment on the Pleadings and Second Motion to Strike.[2]  The Court further **DENIES** Plaintiff's Motion

---

[1] A document filed *pro se* is to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] AT&T's Second Motion to Strike contends that Plaintiff's Motion Seeking Motion, (ECF No. 23), and Motion to Supplement the Records, (ECF No. 26), should be stricken because they are amended complaints filed in violation of Fed. R. Civ. P. 15.  The Court disagrees.  Liberally construing the Motion Seeking Motion, it appears Plaintiff is requesting discovery from AT&T to demonstrate it was his employer.  Thus, while the Court DENIES Plaintiff's Motion to the extent it seeks discovery, (Magistrate Judge Order, ECF No. 24), it declines to strike this Motion from the docket.  Next, the Court construes Motion to Supplement the Records for the Time Period in Dispute as a response to AT&T's Motion for Judgment on the Pleadings, not an attempt by Plaintiff to file an amended complaint.  Accordingly, AT&T's Second Motion to Strike is DENIED.

Seeking Motion from Defendant[3] and Motion to Strike.[4]  Finally, the Court **GRANTS** AT&T's First Motion to Strike[5] and Plaintiff's Motion to Supplement the Record for the Time Period in Dispute.[6]

## I.     BACKGROUND

This action arises from AT&T's alleged discrimination and retaliation against its employee, Plaintiff Antonio Goodwin. (*See generally* Am. Compl., ECF No. 10).  AT&T filed an Answer denying it ever employed. (Answer 2:19–26, ECF No. 12).  AT&T's denial is predicated on an assertion by Paula M. Phillips, a Director-Legal Administrator for AT&T Services, Inc., stating that she "conducted an exhaustive search of AT&T's employment records" and determined there were "no records of [Plaintiff] ever being employed by AT&T

---

[3] As stated, the Court DENIES Plaintiff's Motion to the extent it seeks. (Magistrate Judge Order, ECF No. 24).

[4] Plaintiff seeks to strike AT&T's Response, (ECF No. 27), and requests the Court impose sanctions on AT&T because it allegedly withheld discovery. (Pl.'s Mot. Strike at 3, ECF No. 29).  Because the Court denies any discovery request made by Plaintiff, it DENIES his Motion and declines to issue sanctions.

[5] AT&T's First Motion to Strike contends that Plaintiff's Affidavit, (ECF No. 15), should also be stricken because it is an amended complaint filed in violation of Fed. R. Civ. P. 15.  The Court agrees with AT&T that liberally construing Plaintiff's Affidavit, it constitutes an amended complaint filed in violation of Rule 15.  "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Plaintiff has already filed an amended complaint as a matter of course, (Am. Compl., ECF No. 10), and this case is otherwise past the point where Plaintiff can amend without AT&T's consent or the Court's leave.  "When a party files an amended complaint without the right to do so, it is properly stricken by the Court." *Wilkins v. Macober*, No. 2:16-cv-0475, 2022 WL 18027822, at *2 (E.D. Cal. Dec. 30, 2022).  Because Plaintiff filed his Affidavit without proper authorization, the Court grants AT&T's First Motion to Strike, (ECF No. 18), and STRIKES the Affidavit from the docket.

[6] As explained above, the Court construes this filing as a response to AT&T's Motion for Judgment on the Pleadings.  Nevertheless, the Court does not consider any argument or evidence in this filing in resolving AT&T's Motion for Judgment on the Pleadings to the extent it introduces argument and evidence beyond that contained in Plaintiff's pleadings. *See Hal Roach Studios, Inc. v. Richard Feiner & Co. Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (holding that "judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue").

from January 2020 onward . . . either at AT&T's headquarters or any other AT&T corporate location." (Paula Phillips Decl. ¶ 6, Ex. A to Answer, ECF No. 12-1). AT&T then filed its Motion for Judgment on the Pleadings, (ECF No. 13).

## II. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "[J]udgment on the pleadings is proper 'when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law.'" *Ventress v. Japan Airlines*, 486 F.3d 1111, 1114 (9th Cir. 2007) (citation omitted).

Motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) are "functionally identical" to motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). Moreover, when reviewing a motion for judgment on the pleadings pursuant to Rule 12(c), a court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). The allegations of the nonmoving party must be accepted as true while any allegations made by the moving party that have been denied or contradicted are assumed to be false. *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).

## III. DISCUSSION

AT&T moves for judgment on Plaintiff's Title VII claims, arguing they fail as a matter of law because "[AT&T] was never Plaintiff's employer" and "Title VII has no applicability outside of the employer/employee relationship."[7] (Mot. J. Pleadings 4:14–17). AT&T's

---

[7] AT&T also contends the Court should grant its Motion for Judgment on the Pleadings under Local Rule 7-2(d) because Plaintiff failed to file a timely response to its Motion. (Reply 3:24–4:9, ECF No. 30). However, considering the fact that Plaintiff did file a response, albeit untimely, and because the Court disagrees with AT&T's underlying argument, it refrains from granting AT&T's Motion on this basis.

argument is well taken, as Title VII only protects employees, not non-employees. *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999). Thus, Plaintiff is "entitled to the protections of Title VII only if [ ]he is an employee" of AT&T. *Murray v. Principal Fin. Group, Inc.*, 613 F.3d 943, 944 (9th Cir. 2010). However, whether Plaintiff was employed by AT&T is a factual dispute not suitable for resolution at this stage.

The existence of affirmative defenses usually precludes judgment on the pleadings. *See Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Cong. Church*, 887 F.2d 228, 230 (9th Cir. 1989). However, where affirmative defenses raise only questions of law, such affirmative defenses do not preclude judgment on the pleadings. *See Unite Here Local 19 v. Picayune Rancheria of Chukchansi Indians*, 101 F. Supp. 3d 929, 934 (E.D. Cal. 2015) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. 2004)). "The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." *Id.* If a defendant's affirmative defenses create material issues of fact, judgment on the pleadings is precluded. *See Westport Ins. Corp. v. N. California Relief*, 76 F. Supp. 3d 869, 882–83 (N.D. Cal. 2014) (finding that the defendant's affirmative defenses failed to create a material issue of fact and therefore did not preclude judgment on the pleadings).

The Court cannot find there are no material facts in dispute. AT&T's affirmative defense—denying that it ever employed Plaintiff or exercised control over the terms and conditions of his employment—is not a legal assertion. *See Bautista v. PR Gramercy Square Condo.*, 642 F. Supp. 3d 411, 421 (S.D.N.Y. 2022) ("Determining whether an employment relationship exists is a 'fact-specific' endeavor."). Rather, it raises a contested factual issue, as Plaintiff's Amended Complaint alleges he was employed by AT&T. (*See generally* Am. Compl.). In this posture, it is not proper for the Court to "resolve potential conflicts between

the allegations in Plaintiff's [Amended] Complaint and an attachment to [AT&T]'s Answer provided in conjunction with an [a]ffirmative [d]efense, and [AT&T] cites no case in which a Court properly undertook such a task at this early stage of the litigation (without converting the motion to one for summary judgment, which no party requests the Court to do here)." *Affiliated FM Ins. Co. v. Hill Phoenix Inc.*, No. 22-cv-00450, 2023 WL 244494, at *2 (D. Ariz. Jan. 18, 2023). Accordingly, AT&T's Motion is DENIED.

Considering Plaintiff's claims and filings, the Court finds that exceptional circumstances exist justifying the appointment of counsel. To determine whether exceptional circumstances exist warranting the appointment of counsel, a court must consider: (1) the likelihood of success on the merits; and (2) the ability of the plaintiff to articulate their claims *pro se* in light of the complexity of the legal issues involved. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).   .

The Court has denied AT&T's Motion for Judgment on the Pleadings. At this point, Plaintiff has a likelihood of success on his claims. This case will now proceed to discovery and then dispositive motions. To date, Plaintiff's filings have been disjointed and unclear. The Court anticipates that Plaintiff will encounter challenges conducting discovery and articulating his arguments at the summary judgment stage. Whether Plaintiff was employed by AT&T, and if he was discriminated against in the course of his employment, are two issues of sufficient complexity that the Court finds appointment of counsel is warranted.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that AT&T's Motion for Judgment on the Pleadings, (ECF No. 13), is **DENIED**.

**IT IS FURTHER ORDERED** that AT&T's First Motion to Strike, (ECF No. 18), is **GRANTED**. Plaintiff's Affidavit, (ECF No. 15), is **HEREBY STRICKEN** from the docket.

**IT IS FURTHER ORDERED** that AT&T's Second Motion to Strike, (ECF No. 27), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Seeking Motion, (ECF No. 23), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement the Records for the Time Period in Dispute, (ECF No. 26), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike, (ECF No. 29), is **DENIED**.

**IT IS THEREFORE ORDERED** that this case be referred to the Pro Bono Program for appointment of counsel for the purposes identified herein, unless Plaintiff notifies the Court that he does not desire appointment of counsel.

**IT IS FURTHER ORDERED** that Plaintiff shall have until June 8, 2024, to notify the Court if he does not desire appointment of counsel.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward this Order to the Pro Bono Liaison.

**DATED** this  9  day of May, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court