# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| Antonio Goodwin, | Case No. 2:23-cv-01950-GMN-DJA |
|---|---|
| Plaintiff, | |
| v. | **Order** |
| AT&T, | |
| Defendant. | |

This is an employment discrimination and retaliation case arising out of *pro se* Plaintiff Antonio Goodwin's allegations that his employer—Defendant AT&T—violated Title VII of the Civil Rights Act of 1964.  Plaintiff sues Defendant for damages, claiming that Defendant discriminated against him, harassed him, and treated him differently because of his race (African American).  Plaintiff also claims that, after he reported his complaints to union representatives, Defendant's management personnel retaliated against him.

Defendant moved for judgment on the pleadings, asserting that it never employed Plaintiff.  (ECF No. 13).  After the parties fully briefed that motion, Plaintiff moved to strike Defendant's reply in support of it, challenging Defendant's assertion that it never employed Plaintiff.  (ECF No. 31).  One day later, the Court issued an order denying Defendant's motion for judgment on the pleadings.  (ECF No. 32).  Defendant then responded to Plaintiff's motion to strike (ECF No. 33), and instead of filing a reply, Plaintiff moved to strike Defendant's response, asserting yet again that Defendant's claim to not employ Plaintiff is false.  (ECF No. 34).  Because the Court finds that Plaintiff identifies no grounds that would permit the Court to strike, that a motion to strike is improper for deciding substantial factual issues, and that Plaintiff's requests are moot, the Court denies Plaintiff's first and second motions to strike.

**I.     Legal Standard**

Federal Rule of Civil Procedure 12(f) allows the Court to "strike from any pleading" any matter that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Immaterial matter "has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy Inc.*, 510 U.S. 517 (1994). Impertinent matter "consists of statements that do not pertain and are not necessary to the issues in question." *Id*. "Redundant matter consists of allegations that constitute a needless repetition of other averments." *Germaine Music v. Universal Songs of Polygram*, 275 F.Supp.2d 1288, 1299-300 (D. Nev. 2003), *aff'd in part, rev'd in part*, 130 Fed.Appx. 153 (9th Cir. 2005). "Scandalous matter is that which improperly casts a derogatory light on someone, most typically on a party to the action." *Stricker v. Nev. Sys. of Higher Educ.*, No. 03:06-cv-00613-LRH-VPC, 2007 WL 2460036, at *4 (D. Nev. Aug. 24, 2007) (quoting 5C Wright & Miller, Fed. Practice & Procedure § 1382 (3d ed. 2004)).

Striking material pursuant to Rule 12(f) is considered a "drastic remedy." *Nevada Fair Hous. Ctr., Inc. v. Clark Cnty.*, 565 F. Supp. 2d 1178, 1187 (D. Nev. 2008). "Generally, federal courts disfavor motions to strike unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Dannenbring v. Wynn Las Vegas, LLC*, 907 F.Supp.2d 1214, 1217 (D. Nev. 2013). "Given their disfavored status, courts often require a showing of prejudice by the moving party before granting the requested relief." *Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (quotation omitted). It is within the court's discretion whether to strike matters from a pleading. *See Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010).

Motions to strike under Rule 12(f) are directed to pleadings only. Under Rule 7(a) of the Federal Rules of Civil Procedure, pleadings include: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a

crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Thus, a motion to strike is not available to strike material contained in motions and other briefs. *See, e.g., Fed. Nat'l Mortg. Ass'n v. Willis*, No. 2:15-cv-02366-JCM-GWF, 2016 WL 11247554, at *1 (D. Nev. Oct. 14, 2016). Additionally, "Rule 12(f) is not an appropriate avenue to challenge the truth of an allegation." *F.D.I.C. v. Jonhson*, No. 2:12-cv-00209-KJD-PAL, 2012 WL 5818259, at *6 (D. Nev. Nov. 15, 2012); *see United States v. LASR Clinic of Summerlin, LLC*, No. 2:19-cv-00467-GMN-NJK, 2021 WL 956227, at *5 (D. Nev. Feb. 9, 2021) (finding that a challenge to factual accuracy is an improper reason to grant a motion to strike). A presiding court "may not resolve disputed and substantial factual or legal issues in deciding a motion to strike." *Whittlestone*, 618 F.3d at 973. "If the court is in doubt as to whether challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits." *LASR Clinic of Summerlin, LLC*, 2021 WL 956227, at *2.

The Court may also strike an improper filing pursuant to its inherent power "over the administration of its business" and "to promulgate and enforce rules for the management of litigation." *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995). "[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *see Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998) (holding that the district courts have the power to control their dockets). Like Rule 12(f), striking material pursuant to the Court's inherent power is wholly discretionary. *See Almy v. Davis*, No. 2:12-cv-00129-JCM-VCF, 2014 WL 773813, at *4-5 (D. Nev. Feb. 25, 2014). In deciding whether to exercise that discretion, courts consider whether striking the filing would "further the overall resolution of the action," and whether the filer has a history of excessive and repetitive filing that has complicated proceedings. *Jones v. Skolnik*, No. 3:10-cv-00162-LRH, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015) (internal quotations omitted).

Finally, another basis on which the Court might strike is if a party fails to comply with the Nevada Local Rules.[1] Under Nevada Local Rule IA 10-1(d) the Court "may strike any document that does not conform to an applicable provision of these rules."[2]

**II.   Discussion**

Plaintiff first moves to strike Defendant's reply in support of its motion for judgment on the pleadings, challenging Defendant's claim that it never employed Plaintiff and that Plaintiff has not sued the correct employer. (ECF No. 31). Plaintiff argues that Defendant is committing fraud and includes a letter from the Equal Employment Opportunity Commission ("EEOC") in an effort to show that Defendant's name and corporate address are correct. Defendant contends that Plaintiff's first motion to strike is mooted by the Court's order denying Defendant's motion for judgment on the pleadings, which was filed one day after Plaintiff's motion strike. (ECF No. 33). Plaintiff's second motion requests to strike Defendant's response to Plaintiff's first motion to strike, again arguing that Defendant is committing fraud. (ECF No. 34).

As a preliminary matter, Defendant argues that Plaintiff's second motion is really an improper sur-reply[3] and not a motion to strike. (ECF No. 33). The Court agrees with Defendant. Plaintiff's second motion to strike is an additional response to Defendant's reply in support of its motion for judgment on the pleadings, in which Plaintiff puts forth additional evidence for his position that Defendant was his employer and is fraudulently denying that fact. (ECF No. 34). Additionally, Plaintiff filed his second motion to strike after Defendant's underlying motion was fully briefed and Plaintiff does not request the Court to strike anything with respect to

---

[1] This refers to the Local Rules of Practice for the United States District Court, District of Nevada, which may be accessed on the Court's website: https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf

[2] The Court notes that many of Plaintiff's filings actually fail to comply with portions of the Local Rules, particularly as it pertains to formatting requirements. *See* LR IA 10-1(a) (explaining the formatting requirements for filed documents). The Court takes this opportunity to point out these requirements to Plaintiff so that he may reference them and use them in future filings. Plaintiff does NOT need to fix any documents he has already filed.

[3] A "sur-reply" is a reply to a reply and is not permitted without leave of Court under Local Rule 7-2(b).

Defendant's response to Plaintiff's first motion to strike. However, even if the Court were to construe Plaintiff's filing as a motion to strike, rather than a sur-reply, the motion would still fail.

Plaintiff's motions to strike fail because Plaintiff has neither cited the appropriate standard nor articulated any provisions that would permit the Court to strike. Motions to strike are governed by Rule 12(f), the Court's inherent powers to control the docket, and LR IA 10-1, none of which Plaintiff has cited or applied. Plaintiff's two motions to strike challenge the truth of Defendant's claims regarding Plaintiff's employment status and attach records from the EEOC involving the Defendant to support this argument. But a motion to strike is not an appropriate mechanism to bring these challenges. The Court may not resolve substantial factual issues in deciding a motion to strike and resolution of Plaintiff's employment status is a question that goes to the merits of the case rather than to the pleading standard. Therefore, Plaintiff's challenges to the accuracy of Defendant's arguments do not sustain his motions to strike. Additionally, the Court's order denying Defendant's motion for judgment on the pleadings moots Plaintiff's requests to strike filings related to that motion because the underlying motion is no longer pending.

Plaintiff fails to identify grounds enabling the Court to strike and Plaintiff's challenges to a contested factual issue are not properly decided on a motion to strike. Plaintiff's requests are also rendered moot by the Court's order denying Defendant's motion for judgment on the pleadings. The Court denies Plaintiff's first and second motion to strike as moot.

**IT IS THEREFORE ORDERED** that Plaintiff's motions to strike (ECF Nos. 31, 34) are **denied** as moot**.**

DATED: June 6, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE