Stacey A. Campbell
Colorado Bar No. 38378
(admitted *Pro Hac Vice*)
Campbell Litigation, P.C.
1410 N. High Street
Denver, Colorado 80218
Telephone: (303) 536-1833
Email: stacey@campbell-litigation.com

Zachary P. Takos, Esq., (Nevada Bar #11293)
TAKOS LAW GROUP, LTD.
10784 West Twain Avenue, Suite 224
Las Vegas, Nevada 89135
Telephone: (702) 658-1900
Email: zach@takoslaw.com

**Attorneys for Defendant**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ANTONIO GOODWIN,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T,<br><br>    Defendant. | Case No.: 2:23-cv-01950-GMN-DJA<br><br>~~PROPOSED~~ **DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

CERTIFICATION: This Stipulated Discovery Plan and Scheduling Order is submitted in compliance with D. Nev. L.R. 26-1(b) ("Local Rule 26-(b)") and timely filed pursuant to the Court's Order. Dkt. 43.

Defendant AT&T Corporation ("AT&T"),[1] by and through its counsel Stacey A. Campbell and Plaintiff Antonio Goodwin ("Plaintiff"), acting in *pro se* (collectively, "Parties"), hereby submit this Stipulated Discovery Plan and Scheduling Order. In accordance with Local Rule 26-

---

[1] AT&T Corporation contends that it was and is not Plaintiff's employer. The use of the term, "AT&T," in this Stipulated Discovery Plan and Scheduling Order is not a waiver of any of AT&T Corporation's defenses to the allegations in Plaintiff's Amended Complaint (Dkt. 10). However, Plaintiff disagrees with AT&T Corporation's contention that it was not his employer.

1

1(b)(1), the Parties request special scheduling review, due to the discovery period being longer than 180 days from the date AT&T filed its answer to Plaintiff's First Amended Complaint, which resulted from the Court's stay of the case from June 7, 2024, to January 31, 2025, when the stay was lifted. Dkt. 45.

The Parties propose that discovery move forward as outlined below.

1. Pursuant to FED. R. CIV. P. 26(f) and Local Rule 26-1(a), a telephonic meeting was held on February 11, 2025, and was attended by:

> Antonio Goodwin, Plaintiff *pro se*, and
>
> Campbell Litigation, P.C., the legal counsel for Defendant AT&T, through Brett A. Whitley, Esq. at the direction of Stacey Campbell, admitted pro hac vice.

**Conferral Statement:** Regarding the current proposed discovery plan and scheduling order, counsel for Defendant drafted the present proposed discovery plan as a joint submission and sent it to Plaintiff on February 13, 2025, to review and edit as needed.

2. The Parties agree that pursuant to FED. R. CIV. P. 6(a)(1)(C), any deadline in the Discovery Plan that falls on a weekend or legal holiday is automatically extended to the next court day that is not a weekend or legal holiday.

3. **Joint Discovery Plan.** The Parties propose to the Court the following Discovery Plan:

> a. **Initial Disclosures.** The Parties propose that the parties exchange initial disclosures by no later than **February 25, 2025**.
>
> b. **Discovery Cut-Off Date.** The Parties propose that discovery will close 181 calendar days after the date of the Rule 26(f) Conference, **Monday, August 11, 2025**.
>
> c. **Disclosure or discovery of electronically stored information.** At this point, the Parties agree to preserve electronically stored information that pertains to these proceedings until resolved. Defendant, at this point, does not intend to present evidence in electronic format to the jurors for jury deliberations. However, Plaintiff intends to present evidence in electronic format to the jurors

2

for jury deliberations.

    d. **Claims of privilege or of protection as to trial preparation materials.** The Parties agree to meet and confer to try to resolve any such issues prior to seeking the Court's assistance.

    e. **Expert Disclosures**: Pursuant to Local Rule 26-1(b)(3), the Parties propose that expert disclosures under FED. R. CIV. P. 26(a)(2) will be due on or before **Thursday, June 12, 2025**, which is 60 days prior to the date discovery closes.

    f. **Rebuttal Expert Disclosures**: Pursuant to Local Rule 26-1(b)(3), the Parties propose that rebuttal-expert disclosures will be due on or before **Monday, July 14, 2025**, which is 30 days after the initial disclosure of experts.

4. **Other Items:**

    a. **Amending the Pleadings and Adding Parties**: The Parties propose that the last day to file motions to amend pleadings or add parties will be **Tuesday May 13, 2025**, which is 90 days prior to the date discovery closes.

    b. **Dispositive Motions**: The Parties each expect to file dispositive motions requesting that judgment be entered in their favor. Defendant proposes that Dispositive Motions must be filed by **Wednesday, September 10, 2025**, which is 30 days after the date discovery closes. The Parties hereby request a scheduling order be entered for submission of dispositive motions.

    c. **Pretrial Order**: The Parties propose that the Pretrial Order must be filed by **October 10, 2025**, which is 30 days after the dispositive motion deadline. The Parties agree that if any Dispositive Motions are filed, the due date for filing the Joint Pretrial Order will be suspended until thirty (30) days after decision on the Dispositive Motion(s) or further order of the Court. *Id*. The Parties agree that the pretrial disclosures required by FED. R. CIV. P. 26(a)(3) and any objections to them must be included in the joint pretrial order. *See* D. NEV. L.R. 26-1(b)(6).

5. The Parties certify they met and conferred about the possibility of using alternative

3

dispute-resolution processes including mediation and arbitration. On April 22, 2024, the Honorable Magistrate Judge Elayna L. Youchah granted AT&T's Motion for Exemption from the Court's Early Neutral Evaluation. Dkt. 25.  The Parties are amenable to participating in some form of alternative dispute resolution as the litigation progresses if needed.

6. The Parties certify they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and FED. R. CIV. P. 73 and the use of the Short Trial Program, neither of which the Parties consent to.

7. In accordance with FED. R. CIV. P. 26(f)(3)(C) and Local Rule 26-1(a), the Parties have two disagreements regarding the discovery.

    A. **Plaintiff's Position:**  Plaintiff anticipates taking 20 depositions of AT&T employees. Plaintiff contends he will need to propound in excess of 45 interrogatories and 45 requests for production of documents.

    B. **AT&T's Position:**  AT&T proposes that each party be permitted to take up to five (5) depositions, including expert witnesses, if any.  AT&T proposes that each party be allowed up to 25 interrogatories and up to 25 document requests.

DATED this 25th day of February, 2025.

/s/Stacey A. Campbell
Stacey A. Campbell
Colorado Bar No. 38378
(admitted *Pro Hac Vice*)
Campbell Litigation, P.C.
1410 N. High Street
Denver, Colorado 80218
Telephone: (303) 536-1833
Email: stacey@campbell-litigation.com

Zachary P. Takos, Esq. (#11293)
TAKOS LAW GROUP, LTD.
10784 West Twain Avenue, Suite 224
Las Vegas, Nevada 89135
Telephone: (702) 658-1900

/s/ Antonio Goodwin
Antonio Goodwin
21021 Sycolin Rd., Unit 503
Ashburn, VA 20147
Email: tonygoodwin119@gmail.com

**Plaintiff, pro se**

Email: zach@takoslaw.com

*Attorneys for Defendant*

## ORDER

The Court grants the parties' stipulated discovery plan, but takes no position one way or the other on the parties' disagreements regarding the number of depositions, interrogatories, and discovery requests in this case.  The Court declines to expand or restrict the number of depositions, interrogatories, or discovery requests each party may take without a motion providing reasons for doing so.  This is particularly true because the Federal Rules already provide limits for discovery and mechanisms to alter those limits.

Federal Rule of Civil Procedure 30(a)(2)(A)(i) provides that parties may take depositions without the court's leave unless the deposition would result in more than ten depositions being taken.  *See* Fed. R. Civ. P. 30(a)(2)(A)(i).  Federal Rule of Civil Procedure 33(a)(1) allows parties to submit twenty-five interrogatories and, if they require more, must stipulate to the expansion or seek the court's leave.  *See* Fed. R. Civ. P. 33(a)(1).  Federal Rule of Civil Procedure 34 does not limit the number of requests a party may serve, but Federal Rule of Civil Procedure 26(c)(1)(D) permits parties to seek a protective order limiting the scope of disclosure or discovery to certain matters.  *See* Fed. R. Civ. P. 34; *see* Fed. R. Civ. P. 26(c)(1)(D).

**IT IS THEREFORE ORDERED** that the parties' stipulation is **GRANTED IN PART AND DENIED IN PART.**  It is denied in part regarding the parties' apparent request that the Court decide their dispute over Rule 30 depositions, Rule 33 interrogatories, and Rule 34 discovery requests.  It is granted in all other respects.

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: February 26, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2025, I caused a true and correct copy of the foregoing **PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER, SPECIAL SCHEDULING REVIEW REQUESTED** to be electronically filed with the Clerk of the Court using the CM/ECF System, which will serve it upon all counsel of record.

In addition, pursuant to FED. R. CIV. P. 5(b) and Local Rule IC 4-1, I certify under penalty of perjury that on February 24, 2025, I electronically served the Plaintiff via email to the following email address:

Antonio Goodwin
21021 Sycolin Rd. Unit 503
Ashburn, VA 20147
tonygoodwin119@gmail.com

***Pro Se***

By: */s/ Anna Gomez*
Anna Gomez, *Paralegal*