**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Antonio Goodwin,

Plaintiff,

v.

AT&T,

Defendant.

Case No. 2:23-cv-01950-GMN-DJA

**Order**

Before the Court is *pro se* Plaintiff Antonio's motions to compel (ECF Nos. 48, 50). Defendant opposes Plaintiff's first motion to compel. (ECF No. 49). Defendant's response to Plaintiff's second motion to compel is not yet due, but the Court does not require a response to decide the motion. Nor does it require a reply.[1]

Plaintiff moves to compel Defendant to respond to certain of his discovery requests. (ECF Nos. 48, 50). He also apparently seeks to serve additional interrogatories on Defendant. (ECF No. 48). Regarding his requests to compel, Plaintiff has not complied with the Federal and Nevada Local Rules[2] relevant to his request. Plaintiff's motion to compel is governed by Federal Rule of Civil Procedure 37(a) and Nevada Local Rule 26-6. Before bringing a motion to compel,

---

[1] The Court does not need a further response from Defendant because Plaintiff's motions to compel seek similar relief. And so, a further response would not affect the outcome of the motion or either party's substantive rights. Additionally, because the Court denies Plaintiff's motions to compel on procedural grounds, a reply from Plaintiff would not change the Court's decision. *See Alliance of Nonprofits for Ins., Risk Retention Group v. Kipper*, 712 F.3d 1316, 1327-38 (9th Cir. 2013) (finding that the district court did not commit reversible error when it determined certain motions without awaiting or considering responses because the local rule at issue did not guarantee a period of time to file a response and because the court's failure to consider one response did not affect the outcome of the motion or the would-be respondent's substantive rights).

[2] This refers to the Local Rules of Practice for the United States District Court for the District of Nevada, which can be found online at https://www.nvd.uscourts.gov/court-information/rules-and-orders/.

1  Federal Rule of Civil Procedure 37(a)(1) and Local Rule 26-6(c) require the party bringing the

2  motion to make a good faith effort to meet and confer with the other party to attempt and resolve

3  the dispute without court action.  Local Rule 26-6(c) explains:

4        Discovery motions will not be considered unless the movant (1) has
       made a good faith effort to meet and confer as defined in LR IA 1-
5        3(f)[3] before filing the motion, and (2) includes a declaration setting
       forth the details and results of the meet and confer conference about
6        each disputed discovery request.

7

8        Additionally, Local Rule 26-6(b) requires that all motions for protective order "must set

9  forth in full the text of the discovery originally sought and any response to it."

10  _____

11  [3] Local Rule IA 1-3(f) provides the following:

12        Meet and Confer.  Whenever used in these rules, to "meet and
       confer" means to communicate directly and discuss in good faith the
13        issues required under the particular rule or court order.  This
       requirement is reciprocal and applies to all participants.  Unless
14        these rules or a court order provide otherwise, this requirement may
       only be satisfied through direct dialogue and discussion in a face-to-
15        face meeting, telephone conference, or video conference.  The
       exchange of written, electronic, or voice-mail communications does
16        not satisfy this requirement.

17        (1)  The requirement to meet and confer face-to-face or via
            telephonic or video conference does not apply in the case of an
18            incarcerated individual appearing pro se, in which case the
            meet-and-confer requirement may be satisfied through written
19            communication.

20        (2)  A party who files a motion to which the meet-and-confer
            requirement applies must submit a declaration stating all meet-
21            and-confer efforts, including the time, place, manner, and
            participants.  The movant must certify that, despite a sincere
22            effort to resolve or narrow the dispute during the meet-and-
            confer conference, the parties were unable to resolve or narrow
23            the dispute without court intervention.

24        (3)  In addition to any sanction available under the Federal Rules of
            Civil Procedure, statutes, or case law, the court may impose
25            appropriate sanctions under LR IA 11-8 for a party's failure to
            comply with the meet-and-confer requirement.
26

27        (4)  Failure to make a good-faith effort to meet and confer before
            filing any motion to which the requirement applies may result
28            in denial of the motion.

1        A meet and confer is thus a prerequisite to Plaintiff filing his motions to compel.  Because

2   it does not appear that the parties met and conferred, the Court denies Plaintiff's motion.[4]

3   Additionally, without the text of the discovery originally sought and any response Defendant

4   made to it, the Court cannot decide Plaintiff's requests to compel.  So, the Court denies Plaintiff's

5   motions for this reason too.

6        To the extent Plaintiff's motion is seeking to extend the number of interrogatories he can

7   serve under Federal Rule of Civil Procedure 33(a)(1), the Court denies this request as well.  (ECF

8   No. 48).  Federal Rule of Civil Procedure 33(a)(1) provides that, unless otherwise stipulated or

9   ordered by the court, a party may serve on any other party no more than 25 written

10  interrogatories, including all discrete subparts.  That rule further provides that, "[l]eave to serve

11  additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)."[5]

12  Fed. R. Civ. P. 33(a)(1).  Plaintiff does not explain how many interrogatories he has served, why

13  he needs more, or why the additional interrogatories he requests are consistent with Federal Rules

14  of Civil Procedure 26(b)(1) and (2).  So, the Court denies his motion regarding this request.[6]

15  (ECF No. 48).

16

17

18

19

_____

20  [4] In a separate motion, Plaintiff asserts to have spoken with Defendant's counsel in February and March.  (ECF No. 51 at 2-3).  However, it is not clear to the Court whether those conversation

21  were meet and confers as defined in Local Rule IA 1-3(f).  And in any event, Plaintiff did not file a declaration regarding the meet and confer as required by Local Rule IA 1-3(f)(2).  To the extent

22  Plaintiff intended his motion for sanctions (ECF No. 51) to be that declaration, it is insufficient because Plaintiff did not "include" the declaration with his motions to compel as required by

23  Federal Rule of Civil Procedure 37(a)(1) and Local Rule 26-6(c).  Instead, he filed it days later.

24  [5] Federal Rule of Civil Procedure 26(b)(1) provides the scope of discovery and Federal Rule of

25  Civil Procedure 26(b)(1) outlines certain limitations on discovery.

26  [6] The Court declines to limit Plaintiff's interrogatory submission to twenty-five interrogatories as Defendant requests in response.  (ECF No. 49).  This is because Defendant did not separately

27  move for this relief and so Plaintiff does not have an opportunity to adequately respond.  *See* Local Rule IC 2-2(b) (explaining that, for each type of relief requested or purpose of a document

28  filed, a separate document must be filed and a separate event must be selected for that document).

1    **IT IS THEREFORE ORDERED** that Plaintiff's motions to compel (ECF Nos. 48, 50)

2    are **denied.** The Clerk of Court is kindly directed to send Plaintiff a copy of this order.

3

4    DATED: March 27, 2025

5    _____

6    DANIEL J. ALBREGTS
     UNITED STATES MAGISTRATE JUDGE