UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Antonio Goodwin,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>AT&T,<br><br>　　　　　　　Defendant. | Case No. 2:23-cv-01950-GMN-DJA<br><br>**Order** |

 Before the Court is *pro se* Plaintiff Antonio's motions for sanctions (ECF Nos. 51, 54). Plaintiff moves the Court to sanction Defendant's attorneys for sending Plaintiff an offer of judgment, but not filing that offer of judgment on the docket and for counsel's demeanor during certain phone calls. Plaintiff also seeks to sanction Defendant for claiming to not be Plaintiff's employer despite the fact that Plaintiff has obtained evidence that he says shows that Defendant was his employer. The Court denies Plaintiff's motions.

 Federal Rule of Civil Procedure 68 governs offers of judgment. That rule only requires a party to file an offer of judgment if "within 14 days after being served, the opposing party serves written notice accepting the offer…" Fed. R. Civ. P. 68(a). Plaintiff has rejected the offer of judgment. (ECF No. 53). So, Defendant's counsel did not violate the Federal Rules by not filing the offer of judgment.

 The Court also does not find Defendant's counsel's behavior to warrant sanctions. Plaintiff argues that Defendant's counsel yelled at him on the phone and threatened him. Defendant's counsel asserts that he did not. The Court does not find that Plaintiff has provided sufficient evidence to establish that Defendant's counsel has acted in bad faith or violated the Nevada Rules of Professional Conduct such that sanctions are warranted. *See Primus Automotive Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648-649 (9th Cir. 1997) (explaining that a court can impose sanctions under its inherent authority if an attorney acted in a way "tantamount to bad

faith); *see U.S. v. Associated Convalescent Enterprises, Inc.*, 766 F.2d 1342, 1346 (9th Cir. 1985) (explaining that a court can impose sanctions under 28 U.S.C. § 1927 if an attorney has acted "recklessly or in back faith"); *see* Local Rule IA 11-8(d) (providing that a court may impose a sanction on an attorney who fails to comply with the Nevada Rules of Professional Conduct).

Finally, Plaintiff asserts that he has discovered certain evidence that shows that Defendant was his employer and so, the Court should sanction Defendant on this ground. In answering Plaintiff's complaint, Defendant asserted that Plaintiff served his complaint on AT&T Corp., which is not Plaintiff's employer. (ECF No. 12). The Court has previously acknowledged that, whether Defendant employed Plaintiff is a contested factual issue. (ECF No. 32 at 4). So, Plaintiff's request for sanctions on this basis appears to arise under Federal Rule of Civil Procedure 11.

Federal Rule of Civil Procedure 11 provides that,

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1)  it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2)  the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3)  the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4)  the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

If an attorney, law firm, or party violates Federal Rule of Civil Procedure 11(b), the court "may impose an appropriate sanction" on the responsible party. Fed. R. Civ. P. 11(c)(1). But Federal Rule of Civil Procedure 11 also has what is known as a "safe harbor provision." Fed. R.

Civ. P. 11(c)(2).  That provision requires a party seeking sanctions under Federal Rule of Civil Procedure 11 to file a motion "made separately from any other motion," describing "the specific conduct that allegedly violates Rule 11(b)."  *Id.*  That provision also requires the moving party to serve the motion under Federal Rule of Civil Procedure 5, but not to file the motion or present it to the court "if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."  *Id.*

Plaintiff has not properly brought his motion for sanctions because there is no indication in his motion that he has abided by the safe harbor provision in Federal Reule of Civil Procedure 11(c)(2).  Additionally, while Plaintiff claims to attach certain evidence proving his contentions, that evidence is not attached to his motions.  So, the Court denies his motions for sanctions. (ECF Nos. 51, 54).

**IT IS THEREFORE ORDERED** that Plaintiff's motions for sanctions (ECF Nos. 51, 54) are **denied.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order.

DATED: April 11, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE