1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

Antonio Goodwin,

                    Plaintiff,

        v.

AT&T,

                    Defendant.

Case No. 2:23-cv-01950-GMN-DJA

**Order**

Before the Court is pro se Plaintiff Antonio Goodwin's motion to supplement (ECF No. 63), motion to reconsider (ECF No. 67), motion to appear remotely (ECF No. 72), motions for leave "to file out of time" (ECF No. 73, 74, 78), motion to correct docket (ECF No. 79), and motions to compel (ECF No. 92, 94). Also before the Court is Defendant AT&T's motion for Federal Rule of Civil Procedure 11 sanctions (ECF No. 76) and motion for hearing (ECF No. 81). For the reasons outlined below, the Court denies each of Plaintiff's motions. Because Plaintiff violated Rule 11(b), but did not commit all the violations about which Defendant complains, the Court grants in part and denies in part Defendant's motion for Rule 11 sanctions. The Court further finds that a hearing is necessary to determine the amount of monetary sanctions to impose on Plaintiff. So, the Court grants Defendant's motion for a hearing and sets a virtual hearing for June 27, 2025, at 10:00 a.m. Pacific Standard Time.

**I.      Plaintiff's motions.**

   ***A.      Motion to supplement.***

Plaintiff moves to "correct" certain interrogatories that he sent to Defendant, explaining that really, the interrogatories should have been requests for production. (ECF No. 63). Defendant points out in response that Plaintiff does not assert to have met and conferred with Defendant before bringing the motion and Plaintiff did not include points and authorities in support of his motion. (ECF No. 68). Defendant has the better argument. *See* LR 26-6

1   (explaining that the Court will not consider discovery motions unless the movant has made a good

2   faith effort to meet and confer); *see* LR 7-2(a) (explaining that motions must be supported by a

3   memorandum of points and authorities).  And there is nothing preventing Plaintiff from

4   reformatting and serving his interrogatories as requests for production under Federal Rule of Civil

5   Procedure 34 without the Court's help.  So, the Court denies Plaintiff's motion to correct.  (ECF

6   No. 63).

7           **B.      *Motion to reconsider.***

8           Plaintiff moves the Court to reconsider Plaintiff's motions for sanctions.  (ECF No. 67).

9   Plaintiff appears to argue that the Court erroneously decided Plaintiff's motions for sanctions

10  before Plaintiff filed a reply in support of those motions.  The Court has the inherent procedural

11  power to reconsider interlocutory orders it deems inadequate.  *City of Los Angeles, Harbor Div. v.*

12  *Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).  But the Court neither erred nor

13  issued an inadequate decision on Plaintiff's motions for sanctions without waiting for his reply.

14  This is because the Court was able to determine from Plaintiff's motions and Defendant's

15  response that Plaintiff had not shown that Defendant or its counsel had engaged in sanctionable

16  conduct.  The Court did not need Plaintiff's reply to reach this conclusion.  *See Henson v.*

17  *Corizon Health*, No. CV 19-04396-PHX-MTL (DMF), 2021 WL 50458, at *1-2 (D. Ariz. Jan. 6,

18  2021) (denying a plaintiff's motion for the court to reconsider a motion it denied without waiting

19  for a reply because the court determined that it could decide the issue without a reply).  And the

20  documents Plaintiff attaches to his reply in support of his motions for sanctions do not change

21  that conclusion. So, the Court finds that Plaintiff has not shown sufficient reasons for it to

22  reconsider its order and denies Plaintiff's motion to reconsider.  (ECF No. 67).

23          In response to Plaintiff's motion for reconsideration, Defendant argues that Plaintiff's

24  motion largely repeats the arguments in his unsuccessful motions for sanctions.  So, Defendant

25  asks the Court to enter sanctions against Plaintiff under Local Rule 59-1(b).  Under that rule, "[a]

26  movant [for reconsideration] must not repeat arguments already presented unless (and only to the

27  extent) necessary to explain controlling intervening law or to argue new facts.  A movant who

28  repeats arguments will be subject to appropriate sanctions."  However, while a court may not

1   decline to impose sanctions just because a party is proceeding pro se, the Court must also liberally

2   construe pro se filings. *Compare Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[a] document

3   filed pro se is to be liberally construed") (internal citations and quotations omitted) *with Warren*

4   *v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (explaining in the context of Rule 11 sanctions

5   that a court cannot "decline to impose any sanction, where a violation has arguably occurred,

6   simply because plaintiff is proceeding pro se"). Here, liberally construing Plaintiff's motion to

7   reconsider, although Plaintiff does repeat certain arguments, it appears that Plaintiff was

8   attempting to bring the Court's attention to documents he believes would have changed the

9   Court's decision. While unsuccessful, Plaintiff's attempt is not sanctionable. So, the Court

10  declines to issue the sanctions Defendant seeks.

11          **C.      *Motion to appear remotely.***

12          Plaintiff moves to attend his April 28, 2025, deposition remotely, explaining that he is his

13  wife's caregiver and she requires twenty-four-hour care. (ECF No. 72). In response, Defendant

14  explains that it canceled Plaintiff's April 28, 2025, deposition. So, the Court denies Plaintiff's

15  motion as moot.

16          **D.      *Motions to file "out of time."***

17          Plaintiff filed three motions to file an "out of time response." (ECF No. 73, 74, 78). In

18  two of those motions, which motions are slightly different but appear to seek the same relief,

19  Plaintiff asks the Court for an extension of time to file his reply in support of his motion to

20  supplement filed at ECF No. 63. (ECF Nos. 73, 74). Plaintiff also appears to intend his motions

21  to be his reply briefs given his arguments regarding his interrogatories contained in those

22  motions. However, Plaintiff filed both motions on April 21, 2025, the date that his reply was due.

23  So, to the extent that Plaintiff requests leave to file late replies, his request is moot and the Court

24  denies his motions. (ECF Nos. 73, 74). In his third motion, Plaintiff appears to ask for additional

25  time to file his reply in support of his motions for sanctions filed at ECF Nos. 51 and 54. (ECF

26  No. 78). However, the docket reflects that Plaintiff timely filed his reply at ECF No. 69. To the

27  extent Plaintiff argues that the Court prematurely considered Plaintiff's motions for sanctions

28  without the benefit of Plaintiff's reply, Plaintiff has already moved for reconsideration on that

1    basis and the Court has already denied that relief.[1]  So, the Court denies his third motion as moot.

2    (ECF No. 78).

3         **E.      *Motion to correct docket.***

4         Plaintiff moves to "correct [the] docket," arguing that he filed document number 75 as a

5    separate motion but the Clerk's Office erroneously filed it as an exhibit.  (ECF No. 79).

6    However, Plaintiff has clearly labeled his document twice in large text as "Exhibit A."  (ECF No.

7    75).  So, the Court does not find that the Clerk's Office erroneously filed it.  But even if the Court

8    were to construe Plaintiff's exhibit as a motion, it would not grant it because it seeks the same

9    relief as Plaintiff's previously filed motion to file "out of time response."  (ECF No. 78).  Because

10   Plaintiff has not shown that his document is incorrectly filed as an exhibit, the Court denies his

11   motion to correct the docket.  (ECF No. 79).[2]

12        **F.      *Motions to compel.***

13        Plaintiff filed two separate motions to compel Defendant to file a reply in support of its

14   motion for a hearing (ECF No. 81) and to file a response to Plaintiff's filing at ECF No. 75.  (ECF

15   Nos. 92, 94).  However, Defendant already filed a timely reply in support of its motion for a

16   hearing.  (ECF No. 89).  And because the Court found that the Clerk's Office properly filed

17   Plaintiff's document at ECF No. 75 as an exhibit and not a motion, Defendant was under no

18   obligation to respond to it.  So, the Court denies Plaintiff's motions to compel.  (ECF No. 92, 94).

19   **II.     Defendant's motions.**

20        **A.      *Motion for sanctions.***

21             1.      <u>Defendant is entitled to sanctions.</u>

22        Defendant moves for sanctions against Plaintiff under Federal Rule of Civil Procedure 11,

23   arguing that, in his motions for sanctions (ECF Nos. 51, 54), Plaintiff baselessly accused

24   _____

25   [1] Defendant points out in its response that Plaintiff appears to be seeking reconsideration through
     his motion (ECF No. 78) and asks the Court to award it sanctions under Local Rule 59-1(b) given
26   Plaintiff's repeated arguments.  The Court declines to award Defendant sanctions on this issue for
     the same reasons it declined to do so for Plaintiff's motion for reconsideration.
27
     [2] Plaintiff has also already filed a notice of corrected image, purporting to correct document
28   number 75.  (ECF No. 80).  But that notice is largely blank.

1    Defendant of "fraud" and "perjury" and its counsel of threats, intimidation, and unethical

2    conduct.  (ECF No. 76).  Defendant explains that it served its motion on Plaintiff and asked

3    Plaintiff to withdraw his motions for sanctions, but Plaintiff refused to do so within twenty-one

4    days.  Defendant requests that the Court require Plaintiff to reimburse Defendant for its costs and

5    attorneys' fees incurred in bringing its instant motion for sanctions and for responding to

6    Plaintiff's motions for sanctions.  In response, Plaintiff reiterates his belief that Defendant has

7    engaged in sanctionable conduct by sending Plaintiff an offer of judgment, by maintaining that it

8    did not employ Plaintiff, and for counsel's actions in facilitating Defendant's defense.  (ECF No.

9    85).

10        Under Federal Rule of Civil Procedure 11(b), by presenting a paper to the Court, an

11   unrepresented party certifies that "to the best of the person's knowledge, information, and belief,

12   formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for any improper purpose, such as to harass,
>     cause unnecessary delay, or needlessly increase the cost of
>     litigation;
> (2) the claims, defenses and other legal contentions are warranted by
>     existing law or by a nonfrivolous argument for extending,
>     modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so
>     identified, will likely have evidentiary support after a reasonable
>     opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or,
>     if specifically so identified, are reasonably based on belief or a lack
>     of information.

21        Fed. R. Civ. P. 11(b).

22        Rule 11 also contains a "safe harbor" provision that requires the party moving for

23   sanctions to serve the motion on the other party, describe the conduct that allegedly violates Rule

24   11(b), and give the other party twenty-one days to correct the conduct before filing the Rule 11

25   motion.  *See* Fed. R. Civ. P. 11(b)(2).  Pro se litigants are subject to sanctions under Rule 11.  *See*

26   *Warren*, 29 F.3d at 1390.  But the Court must take a party's pro se status into account when

27   determining whether the party's actions were reasonable.  *Id.*

28

1    Here, Defendant has demonstrated that Plaintiff violated Rule 11(b)(1) by asserting in his

2    motions for sanctions that Defendant wrongfully maintains that it did not employ Plaintiff.  One

3    of Plaintiff's primary contentions in his motions for sanctions is that Defendant and its counsel

4    have committed "fraud" and "perjury" by maintaining that Defendant did not employ Plaintiff.

5    But even before Plaintiff filed his motions for sanctions, the Court entered two orders explaining

6    that whether Defendant employed Plaintiff was a contested issue of fact.  (ECF Nos. 32, 41).  So,

7    Plaintiff had no proper basis to seek sanctions against Defendant on this ground and the Court

8    grants Defendant's motion for Rule 11 sanctions against Plaintiff on this issue.

9    However, the Court does not find that Plaintiff violated Rule 11(b) by seeking sanctions

10   related to Defendant's offer of judgment and for counsel's alleged behavior in dealing with

11   Plaintiff.  While Plaintiff should *now* be aware that neither Defendant's offer of judgment nor

12   Plaintiff's unsupported assertions regarding counsel's behavior warrant sanctions, it is not clear

13   that he was aware of this at the time he filed his motions for sanctions.  Plaintiff's motions for

14   sanctions on these grounds appear to be based on his misunderstanding of Rule 68[3]—governing

15   offers of judgment—and of Rule 11.[4]  So, the Court does not grant Defendant's motion for Rule

16   11 sanctions on these issues.

17

18

19

20

21

22   [3] One of Plaintiff's motions for sanctions indicates how he misunderstood Rule 68.  That rule permits a party to serve an offer of judgment "[a]t least 14 days before the date set for trial."  Fed. R. Civ. P. 68(a).  However, Plaintiff appears to have erroneously believed that rule to mean that
23   Defendant *must* have served the offer of judgment fourteen days before trial.  (ECF No. 54 at 1) ("THE OFFER OF JUDGEMENT [sic] IS NORMALLY SERVE 14 DAYS BEFORE
24   TRIAL…THIS IS A PERFECT EXAMPLE OF AT&T ATTORNEY"S [sic] UNDERHANDED ILLEGAL BOARDROOM STRATEGY TACTICS WHICH IS WIN AT ALL CAUSE [sic] BY
25   ANY MEANS NECESSARY").

26   [4] Plaintiff has continued to repeat these accusations after the Court denied his motions for
27   sanctions.  But Defendant has not moved for Rule 11 sanctions related to Plaintiff's repeated accusations.  Defendant's request for sanctions is confined to the accusations Plaintiff made in his
28   motions for sanctions.  (ECF Nos. 51 and 54).

1

          2.      <u>The Court will defer ruling on the amount of sanctions and will set a hearing.</u>

2

3          If the court finds that a party has violated Rule 11(b), the court may "impose an

4 appropriate sanction." Fed. R. Civ. P. 11(b)(1). Sanctions may include "an order directing

5 payment to the movant of part or all of the reasonable attorney's fees and other expenses directly

6 resulting from the violation." Fed. R. Civ. P. 11(b)(4). Courts may consider a pro se plaintiff's

7 ability to pay monetary sanctions as one factor in assessing sanctions. *Warren*, 29 F.3d at 1390.

8          Here, the Court finds that Plaintiff has violated Rule 11(b). But it lacks sufficient

9 information to assess an "appropriate" sanction. The Court is authorized under Rule 11 to direct

10 Plaintiff to pay all or part of Defendant's attorneys' fees and costs incurred in addressing

11 Plaintiffs' motions for sanctions and in bringing its instant motion for sanctions. But the Court

12 lacks any information regarding Plaintiff's ability to pay those fees. So, the Court will set the

13 matter for a hearing. The Court will require Defendant to submit a calculation of its fees and

14 costs incurred in responding to Plaintiff's motions for sanctions and in bringing Defendant's

15 instant motion for sanctions.

16        ***B.     Motion for hearing.***

17          Defendant moves the Court to hold a virtual hearing to address its concerns with

18 Plaintiff's repeated filings, refusal to sit for an in-person deposition, and to address certain issues

19 that the Court has already addressed in this order. (ECF No. 81). Plaintiff opposes, arguing that

20 he is his wife's caretaker and so, he cannot attend a hearing. (ECF No. 86). However, Plaintiff

21 also contradictorily asserts that he can attend a remote deposition. If Plaintiff can attend a remote

22 deposition, there is no reason that he cannot attend a remote hearing. So, the Court grants

23 Defendant's motion and will set this matter for a hearing to address the amount of sanctions that

24 the Court will impose on Plaintiff. The Court will also hear the parties' arguments regarding

25 Plaintiff's deposition.

26 ///

27 ///

28 ///

1    **IT IS THEREFORE ORDERED** that Plaintiff's motions (ECF Nos. 63, 67, 72, 73, 74,

2    78, 79, 92, and 94) are **denied**

3    **IT IS FURTHER ORDERED** that Defendant's motion for Rule 11 sanctions (ECF No.

4    76) is **granted in part and denied in part.** It is granted in part because the Court finds that

5    Plaintiff violated Rule 11 by bringing his motions for sanctions against Defendant for maintaining

6    that it did not employ Plaintiff. It is also granted in part regarding Defendant's request that the

7    Court award monetary sanctions. It is denied in all other respects.

8    **IT IS FURTHER ORDERED** that, on or before **June 12, 2025**, Defendant must file an

9    accounting of its costs and attorneys' fees incurred in responding to Plaintiff's motions for

10    sanctions and for bringing its instant Rule 11 motion for sanctions.

11    **IT IS FURTHER ORDERED** that Defendant's motion for a hearing (ECF No. 81) is

12    **granted.** The Court sets a hearing, at which hearing it will determine the amount of sanctions to

13    impose on Plaintiff and hear the parties' arguments regarding Plaintiff's deposition. That hearing

14    is set for **June 27, 2025 at 10:00 a.m. Pacific Standard Time before the Honorable**

15    **Magistrate Judge Daniel J. Albregts.** The hearing will be via videoconference. The parties can

16    expect to receive an email invitation to attend the virtual hearing. This email invitation will be

17    sent to the email addresses that appear on the docket. The Court expects the parties to display the

18    same decorum at the videoconference hearing as they would at an in-person hearing and expects

19    the parties to appear on camera and not just by audio.

20    **IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send a copy of

21    this order to Plaintiff.

22

23    DATED: June 5, 2025

24    _____

25    DANIEL J. ALBREGTS
      UNITED STATES MAGISTRATE JUDGE

26

27

28