UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| Antonio Goodwin,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T,<br><br>    Defendant. | Case No. 2:23-cv-01950-GMN-DJA<br><br>**Order** |

Before the Court is Defendant's motion for a hearing. (ECF No. 106). The Court previously granted Defendant's motion for sanctions and set a hearing to determine the amount of those sanctions in an omnibus order. (ECF No. 96). In that omnibus order, the Court also set the matter of Plaintiff sitting for his deposition for a hearing. (ECF No. 96).

After Plaintiff appealed the omnibus order (ECF Nos. 100, 101), the Court vacated its hearing to decide the amount of sanctions. (ECF No. 102). Defendant now asks the Court to reschedule the hearing to determine the matter of Plaintiff sitting for his deposition. (ECF No. 106). Defendant also asks the Court to hear Plaintiff's motion for appointment of counsel. (ECF No. 98). Plaintiff opposes Defendant's motion, asserting that the Ninth Circuit now has jurisdiction given his appeal. (ECF No. 108).

Defendant has the better argument. While an appeal generally divests the district court of its control over those aspects of the case involved in the appeal, the district court "retains jurisdiction to address aspects of the case that are not the subject of the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002). Here, Plaintiff's appeal involved the Court's decision on Defendant's motion for sanctions, not the Court's decision to hear the issue of Plaintiff's deposition. So, the Court finds that it retains jurisdiction to hear that issue.

**IT IS THEREFORE ORDERED** that Defendant's motion for a hearing (ECF No. 106) is **granted.** The Court will hear the issue of Plaintiff's deposition and his refusal to sit for that deposition, along with Plaintiff's motion for appointment of counsel (ECF No. 98). That hearing is set for **July 28, 2025, at 1:30 PM.** This hearing will be held **virtually**. The Court will send a virtual invite to attend the hearing to the parties' email addresses before the hearing. The parties must demonstrate the same decorum in the virtual hearing that they would in an in-person hearing.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send a copy of this order to Plaintiff.

DATED: July 9, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE