UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| Antonio Goodwin, | Case No. 2:23-cv-01950-GMN-DJA |
| --- | --- |
| Plaintiff, | |
| v. | Order |
| AT&T, | |
| Defendant. | |

Before the Court is Defendant AT&T's motion to extend discovery and compel Plaintiff to be sworn and deposed or alternatively to dismiss Plaintiff's lawsuit (ECF No. 123), motion for sanctions (ECF No. 140), and motion for telephonic or virtual status conference (ECF No. 141). Also before the Court is pro se Plaintiff Antonio Goodwin's motion to be exempt from PACER fees (ECF No. 137), motion to strike (ECF No. 142), motion to compel (ECF No. 143), and two motions to supplement the record (ECF Nos. 152, 154). For the reasons outlined below, the Court grants in part and denies in part Defendant's motions and denies Plaintiff's motions.[1]

**I.  Motion to extend discovery and compel Plaintiff to be sworn and deposed or alternatively to dismiss Plaintiff's lawsuit (ECF No. 123).**

Defendant moves to extend the discovery cutoff, to compel Plaintiff to sit for his noticed deposition on September 25, 2025, and, if Plaintiff does not sit for his deposition, for case terminating sanctions. (ECF No. 123).[2] Plaintiff opposes Defendant's motion in two documents.

---

[1] Plaintiff's motions, responses, and replies are often rambling, repetitive, and difficult to follow. The Court does its best to interpret Plaintiff's motions and does not address each line of argument that Plaintiff raises in his documents. Instead, it only addresses those arguments that are relevant to the motions and requests for relief at issue.

[2] Defendant's motion should have been filed as two separate motions under Local Rule IC 2-2(b).

(ECF Nos. 125, 126). Defendant filed a reply. (ECF No. 133). The Court grants in part and denies in part Defendant's motion.

The Court grants Defendant's motion in part regarding its request for an extension of discovery deadlines. Defendant has shown good cause and excusable neglect to extend the discovery deadlines. *See* Fed. R. Civ. P. 16(b)(4); *see* LR 26-3. Defendant explains that it initially sought, and Plaintiff agreed to, an extension before the deadlines passed so that Plaintiff could sit for his deposition. But Plaintiff then refused to sign the stipulation, forcing Defendant to move to extend the discovery deadline after it passed. The Court grants Defendant's request for an extension and *sua sponte* extends the requested deadlines further because some of the deadlines Defendant proposes have already expired.

The Court denies Defendant's motion in part regarding Defendant's request to compel Plaintiff to sit for his deposition on September 25, 2025, as moot. That date has already passed. And as Defendant indicates in its motion for sanctions—addressed below—Plaintiff has failed to attend the deposition.

The Court denies Defendant's motion in part regarding its request for dispositive sanctions raised in the alternative. By asking the Court if it would impose sanctions based on the contingent event of Plaintiff not attending his deposition, Defendant has improperly sought an advisory opinion. *See Montana Environmental Info. Center v. Stone-Manning*, 766 F.3d 1184, 1188 (9th Cir. 2014) (explaining that a dispute is ripe in the constitutional sense if it "presents concrete legal issues, presented in actual cases, not abstractions") (cleaned up). And now that Plaintiff has failed to attend his deposition, Defendant has raised its sanction request in a subsequent motion. So the instant request is moot.

**II.    Defendant's motion for sanctions (ECF No. 140) and Plaintiff's motion to strike (ECF No. 142).**

Defendant moves the Court to award it's attorney's fees and costs associated with the September 25, 2025, deposition that Plaintiff failed to attend and for case terminating sanctions for Plaintiff's failures to cooperate in discovery. (ECF No. 140). Plaintiff did not respond to the motion, but filed a motion to strike it. (ECF No. 142). Defendant opposes the motion to strike,

1  arguing that Plaintiff has provided no legal basis to strike Defendant's motion. (ECF No. 148).
2  Plaintiff filed a reply. (ECF No. 150).

3  The Court addresses Plaintiff's motion to strike first. (ECF No. 142). Plaintiff provides
4  no basis on which to strike Defendant's motion under either Federal Rule of Civil Procedure 12(f)
5  or the Local Rules. So, the Court denies it.

6  The Court addresses Defendant's motion for sanctions next. (ECF No. 140). Under
7  Federal Rule of Civil Procedure 37(d)(1)(A)(i), the Court may order sanctions if a party fails to
8  attend their deposition after being served with proper notice. Federal Rule of Civil Procedure
9  37(b)(2)(A) provides that the Court may issue sanctions against a party who fails to obey an order
10 to provide or permit discovery. Under Federal Rule of Civil Procedure 37(d)(2), a failure to
11 attend a deposition is not excused on the ground that the discovery sought was objectionable
12 unless the party failing to act has a pending motion for protective order under Federal Rule of
13 Civil Procedure 26(c). Possible sanctions may include dismissing the action and/or requiring the
14 party to pay the reasonable expenses, including attorney's fees, caused by the failure to attend the
15 deposition, unless the failure was substantially justified or other circumstances make an award of
16 expenses unjust. *See* Fed. R. Civ. P. 37(b)(2)(A)(v); *see* Fed. R. Civ. P. 37(d)(3).

17 A district court has the discretion to impose the extreme sanction of dismissal if there has
18 been "flagrant, bad faith disregard of discovery duties." *Wanderer v. Johnston*, 910 F.2d 652,
19 655–56 (9th Cir. 1990) (citing *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S.
20 639, 643 (1976)). Because the sanction of dismissal is such a harsh penalty, the district court
21 must weigh five factors before imposing dismissal: "(1) the public's interest in expeditious
22 resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to [the
23 party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and
24 (5) the availability of less drastic sanctions." *Id.* at 656 (quoting *Malone v. United States Postal*
25 *Serv.*, 833 F.2d 128, 130 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)).

26 Here, the Court grants in part and denies in part Defendant's motion for sanctions,
27 granting Defendant's request for attorney's fees and costs, but denying Defendant's request for
28 case terminating sanctions. The Court has already heard Plaintiff's motion for protective order

over his deposition and denied it.  (ECF No. 114).  In doing so, the Court considered Plaintiff's arguments regarding his role as a caretaker for his wife and Defendant's proposed accommodations.  (ECF No. 114).  Those accommodations included Defendant's counsel and representative traveling to Virginia to conduct the deposition within three miles of Plaintiff's house.  Plaintiff has not successfully appealed that order.[3]  (ECF Nos. 115, 124).

Despite this Court's order requiring him to sit for his deposition, Plaintiff has not cooperated with Defendant's counsel in scheduling it, forcing Defendant's counsel to unilaterally notice the deposition to take place on September 25, 2025.[4]  Plaintiff did not object to that deposition notice or claim that he could not make it.  Nonetheless, he failed to show.

Plaintiff now argues in his motion to strike that he did not attend his deposition because on September 11, 2025, the United States Supreme Court agreed to hear his appeal of the Court's order requiring him to sit for his deposition.  This is untrue.[5]  Plaintiff also claims that on

---

[3] It appears that Plaintiff attempted to appeal the Court's order, but appealed the wrong order. The Ninth Circuit construed Plaintiff's appeal as concerning the Court's July 17, 2025, minute order.  (ECF No. 124).  In that minute order, the Court explained that it would construe Plaintiff's motion filed at ECF No. 110 to be a motion for protective order preventing him from sitting for his deposition and decided to hear it at the July 28, 2025, hearing.  But the docket does not show that Plaintiff otherwise appealed the Court's decision at the July 28, 2025, hearing.  (ECF No. 114).  Since the Ninth Circuit dismissed Plaintiff's appeal, Plaintiff has apparently attempted to seek clarification regarding how to appeal the Court's denial of his motion for protective order. (ECF No. 127) (Plaintiff's "Petition for a Rehearing for Document 124"); (ECF No. 130) (Plaintiff's exhibit to his notice of appeal).

[4] Even if the Court considers the fact that Plaintiff may have believed he successfully appealed this Court's order requiring him to sit for his deposition, the Ninth Circuit dismissed that appeal on September 2, 2025, well in advance of the noticed deposition.  (ECF No. 124).  So, Plaintiff's pending appeal—even if it correctly appealed the July 28, 2025, order—would not have excused his failure to attend his deposition.

[5] The Court may take judicial notice of matters of public record, including information in another court's proceedings.  *See Reyn's Pasta Bella LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  A docket search on the United States Supreme Court's website for "Antionio Goodwin" does not return any cases that match this one.  It appears from Plaintiff's filings that Plaintiff may have submitted documents to, or received documents from, the United States Supreme Court on this date.  But that is not the same as the Supreme Court granting certiorari to hear his appeal, as Plaintiff appears to claim by stating that "THE SUPREME COURT OF THE UNITED STATES IN WASHINGTON DC CAREFULLY AND THOROUGHLY REVIEWED DOCUMENT 124…AND…GRANTED DOCUMENT 124 TO BE HEARD ON SEPTEMBER 11, 2025 AT 1:23 PM."  (ECF No. 142 at 1).

September 5, 2025, he was approved as a full time caregiver for his wife using a service that places a GPS on his phone to ensure that he is at his home, performing his role as a caretaker during certain hours. But Plaintiff does not claim to have informed Defendant of this fact or attempted to schedule his deposition around his caregiving hours (which Plaintiff states are alternatively between 8 a.m. and 2 p.m. or 9 a.m. and 3 p.m.). Because Plaintiff's arguments do not explain why he failed to cooperate with Defendant to schedule his deposition and then failed to attend it, Plaintiff's arguments are unpersuasive.

The Court finds that sanctions are warranted under Federal Rules of Civil Procedure 37(b)(2)(A) and 37(d)(1)(A)(i). However, given Plaintiff's pro se status, his demonstrated difficulty litigating this case, his assertions that he fills the important role of caretaker to his wife, and the Court's outstanding referral to the Pro Bono Program, the Court declines to recommend the extreme sanction of dismissal at this stage. Weighing the five factors outlined in *Wanderer* leads the Court to the conclusion that dismissal sanctions are not warranted. While the first three factors weigh in favor of dismissal, they are outweighed by the public policy favoring disposition of cases on their merits and the availability—at least at this stage—of less drastic sanctions. So, the Court denies Defendant's motion for sanctions in part regarding its request for case terminating sanctions.

The Court grants Defendants motion for sanctions in part regarding its request for its attorney's fees and costs related to the September 25, 2025, deposition. The Court will hold a hearing to determine the amount of those fees and costs and so that Plaintiff will have an opportunity to argue whether other circumstances make an award of expenses unjust under Federal Rule of Civil Procedure 37(d)(1)(3). The Court will require Defendant to file an accounting of its costs and attorney's fees related to Plaintiff's September 25, 2025, deposition in advance of that hearing.[6] At that hearing, the Court will also require the parties to agree on a date

---

[6] Defendant has attached an expense report and certain receipts to its motion to support its costs to attend the deposition. (ECF No. 140-5). However, Defendant does not include an account of its requested attorney's fees.

and time for Plaintiff's deposition. If Plaintiff again fails to attend that deposition, the Court may recommend case terminating sanctions

### III. Plaintiff's motion to be exempt from PACER fees (ECF No. 137).

Plaintiff moves the Court to exempt him from paying $700.00 in fees that he incurred by reviewing documents in PACER because he is "going thr[ough] financial hardship." (ECF No. 137). "With the PACER system users can view and print case filings, judicial opinions, and other docket information from the federal trial, bankruptcy, and appellate courts." *In re Gollan*, 728 F.3d 1033, 1035 (9th Cir. 2013). PACER is supported by user fees and, "[i]n order to ensure the fees do not impair public access to the courts, Congress directed the Judicial Conference to 'provide for exempting persons or classes or persons' for whom fees would be an unreasonable burden." *Id.* The current Electronic Public Access Fee Schedule provides for automatic fee exemptions and discretionary fee exemptions. *See Electronic Public Access Fee Schedule*, United States Courts, (December 31, 2019), https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule. Litigants—like Plaintiff—are included in the automatic fee exemption because they receive "one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the file." *See id.*

The *in forma pauperis* statute does not provide that a court may exempt a litigant from fees associated with PACER. *See* 28 U.S.C. § 1915(a). Additionally, proceeding *in forma pauperis* (meaning, proceeding without paying the filing fee) is not in itself sufficient to establish that payment of PACER fees constitutes an unreasonable burden. *Leuhring v. Los Angeles County*, No. 2:21-cv-01426-GW-SHK, 2021 WL 4533275, at *1 (C. D. Cal. Aug. 4, 2021). Rather, the fee schedule "requires those seeking an exemption to demonstrate that an exemption is limited in scope and is necessary in order to avoid an unreasonable burden." *Electronic Public Access Fee Schedule*, United States Courts, (December 31, 2019), https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule. The Judicial Conference "cautions that exemptions should be granted as the exception, not the rule, and prohibits courts from exempting all users from [Electronic Public Access] fees." *Id.*

Here, other than stating that he is experiencing financial hardship, Plaintiff does not indicate why it would be burdensome to pay the service fees associated with using PACER. Notably, Plaintiff is not proceeding *in forma pauperis*. He has paid the filing fee. (ECF No. 1). So, the Court has no insight into his ability to pay the PACER fees or not. Additionally, under the fee exemptions and as a *pro se* litigant, Plaintiff is entitled to one free electronic copy of all documents filed electronically in his case.[7] And, based on Plaintiff's claim to have incurred $700.00 in fees in just three months, it is unclear to the Court how Plaintiff incurred the charges from which he seeks to be exempted and whether those charges are solely related to this matter. Thus, Plaintiff has not made the requisite showing to entitle him to an exemption. The Court therefore denies Plaintiff's motion without prejudice.

**IV.    Defendant's motion for telephonic or virtual status conference (ECF No. 141).**

Defendant moves for a status conference for the Court to hear the issue of the amount of monetary sanctions the Court awarded in its June 5, 2025, order and for the Court to hear the issue of Defendant's motion to extend discovery deadlines. (ECF No. 141). Plaintiff opposes the motion. (ECF No. 144). Defendant filed a reply. (ECF No. 145).

The Court grants in part and denies in part Defendant's motion for a status conference. (ECF No. 141). Plaintiff's opposition to the motion is neither persuasive nor relevant to the motion. Instead, he reiterates his erroneous claim that the United States Supreme Court has agreed to hear his appeal and repeats that he is his wife's caretaker. On the other hand, Defendant has shown that a hearing is warranted. In the Court's June 5, 2025, order, the Court found that Defendant was entitled to monetary sanctions, required Defendant to file an accounting of its related costs and attorney's fees, and set a hearing to determine the amount of those sanctions. (ECF No. 96). The Court later vacated that hearing when Plaintiff appealed the order. (ECF No.

---

[7] In subsequent filings, Plaintiff claims to have been locked out of his PACER account. (ECF No. 151) (Plaintiff stating that "IN ADDITION, MY PACER ACCOUNT HAS BEEN LOCKED FOR CLOSE 2 MONTHS NOW SO I AM NOT ABLE TO THOROUGHLY REVIEW THE MOTION AND DOCUMENTS."). It is unclear if this is related to Plaintiff's $700.00 in PACER fees or not. Nonetheless, without more information, this appears to be a technical issue that the Court is not equipped to address.

102). The Ninth Circuit has now dismissed that appeal. (ECF No. 112). So, the Court will hear the issue of the amount of sanctions it ordered on June 5, 2025, at the same hearing at which it will determine the amount of attorney's fees and costs to award as a sanction for Plaintiff's failure to attend his deposition. The Court denies Defendant's motion in part as moot regarding Defendant's request that the Court hear its motion to extend discovery because the Court has ruled on that motion in this written order.

**V.     Plaintiff's motion to compel (ECF No. 143).**

Plaintiff moves the Court to compel Defendant to "schedule the joint pretrial order." (ECF No. 143). Defendant opposes Plaintiff's motion, pointing out that it has sought to extend discovery deadlines, including the pretrial order deadline, and that Plaintiff has provided no points and authorities in support of his request to compel Defendant to meet and confer regarding the pretrial order. (ECF No. 149). In reply, Plaintiff argues that the Court has not ruled on Defendant's motion to extend the discovery deadlines, so the joint pretrial order is still due. (ECF No. 151). The Court denies Plaintiff's motion to schedule the joint pretrial order for two reasons. First, Plaintiff provides no legal basis to compel Defendant to meet and confer regarding the joint pretrial order. Second, Plaintiff's request is moot because the Court has granted Defendant's motion to extend the discovery deadlines—including the joint pretrial order—and because Defendant asserts that it is not opposed to meeting and conferring regarding the joint pretrial order prior to the new deadline.

**VI.    Plaintiff's motions to supplement the record (ECF Nos. 152, 154).**

Plaintiff moves to "supplement the record" apparently in an attempt to inform the Court about a separate case that the EEOC brought against AT&T. (ECF No. 152). Defendant opposes the motion. (ECF No. 153). Plaintiff's reply is rambling, repetitive, and consists of Plaintiff's assertions that Defendant was in fact his employer, an issue of disputed fact in this case. (ECF No. 155). Plaintiff moves a second time to supplement the record. (ECF No. 154). In his second motion, Plaintiff appears to inform the Court that he sent certain documents to the United States Supreme Court on November 8, 2025.

The Court denies both motions to supplement. Under Local Rule 7-2(g), a party may not file supplemental pleadings, briefs, authorities, or evidence without leave of Court granted for good cause. Plaintiff has not shown good cause for the supplements he seeks to make.

**IT IS THEREFORE ORDERED** that Defendant's motion to extend the discovery cutoff, to compel Plaintiff to sit for his noticed deposition on September 25, 2025, and alternatively for case terminating sanctions (ECF No. 123) is **granted in part and denied in part.** It is granted in part regarding Defendant's request for an extension of the discovery deadlines. The Court will *sua sponte* extend the deadlines further than Defendant requests given the fact that Defendant's proposed deadlines have passed, as outlined below. The Court will extend the discovery deadline to sixty days from the date of this order and extend the subsequent deadlines accordingly. The Court denies Defendant's motion in part regarding Defendant's request to compel Plaintiff to sit for his September 25, 2025, deposition and its request that the Court recommend case terminating sanctions.

**IT IS FURTHER ORDERED** that the following deadlines shall govern discovery:

| | |
|---|---|
| Discovery cutoff: | January 23, 2026 |
| Dispositive motions: | February 23, 2026 |
| Joint pretrial order: | March 25, 2026[8] |

**IT IS FURTHER ORDERED** that Defendant's motion for sanctions (ECF No. 140) is **granted in part and denied in part.** It is granted in part regarding Defendant's request for its attorney's fees and costs related to the September 25, 2025, deposition. It is denied in part regarding Defendant's request for case terminating sanctions. Defendant must file an accounting of its attorney's fees and costs related to the September 25, 2025, deposition on or before **December 22, 2025.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike (ECF No. 142) is **denied.**

---

[8] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.

**IT IS FURTHER ORDERED** that Plaintiff's motion to be exempt from PACER fees (ECF No. 137) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Defendant's motion for a telephonic or virtual status conference (ECF No. 141) is **granted in part and denied in part.** It is denied in part as moot regarding Defendant's request that the Court hear its motion to extend discovery. It is granted in all other respects. The Court schedules a hearing via **videoconference** for **December 30, 2025, at 10:00 A.M.** At that hearing, the Court will address: (1) the amount of sanctions it will award in connection with its June 5, 2025, order; (2) the amount of sanctions it will award for Plaintiff's failure to attend his deposition; and (3) the scheduling of Plaintiff's deposition. The Court will send a virtual invite to attend the hearing to the parties' email addresses before the hearing. The parties must demonstrate the same decorum in the virtual hearing that they would in an in-person hearing.

**IT IS FURTHER ORDERED** that Plaintiff's motion to compel (ECF No. 143) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motions to supplement the record (ECF Nos. 152, 154) are **denied.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send a copy of this order to Plaintiff.

DATED: November 25, 2025

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE