UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Antonio Goodwin,<br><br>              Plaintiff,<br><br>     v.<br><br>AT&T,<br><br>              Defendant. | Case No. 2:23-cv-01950-GMN-DJA<br><br>**Order** |

      Before the Court is pro se Plaintiff Antonio Goodwin's motion "of a courtesy reminder of document" (ECF No. 160), motion for appointment of counsel (ECF No. 165), motion "to remove AT&T PDF File re 167 Exhibit" (ECF No. 168), motion "to amend 167 exhibit" (ECF No. 169), motion "to withdraw/remove document 168" (ECF No. 170), and three motions to supplement (ECF Nos. 171, 172, 173).  Defendant has either not responded, or is not yet due to respond, to the motions.  Nonetheless, because the Court finds that all but one of Plaintiff's motions lacks a legal basis for the Court to grant them, the Court denies them.

      In his motion "of a courtesy reminder," Plaintiff informs the Court that his motions for judgment to be entered in his favor (ECF Nos. 131, 136) have yet to be ruled on.  Local Rule IA 7-1(a) provides the mechanism by which Plaintiff may inquire into the status of a motion, which is by letter not motion.  Plaintiff also informs the Court that he intended the exhibits filed at ECF No. 156 to be filed as exhibits connected to ECF No. 155 and that the Clerk's office mistakenly filed them separately.  But ECF No. 156 is labeled as an exhibit to ECF No. 155, so even if ECF No. 156 was mistakenly filed separately, it is clearly associated with ECF No. 155.  There is therefore no ambiguity to correct.  Finally, the remainder of Plaintiff's motion contains rambling arguments about evidence he states he has, his struggles in accessing PACER, and his attempts to file a writ for certiorari in the Supreme Court of the United States, which arguments seek no actionable relief.  The Court denies Plaintiff's motion.  (ECF No. 160).

1    Plaintiff's motion for appointment of counsel asks the Court to appoint him counsel in his
2    appeal. (ECF No. 165). The motion consists only of a title and does not include any points and
3    authorities. *See* LR 7-2(a). So, the Court denies it.

4    In two motions, Plaintiff seeks to remove ECF No. 167 from the docket, explaining that
5    he intended to file it with the Ninth Circuit and accidentally filed it with this Court. (ECF Nos.
6    168, 169). In a third motion, Plaintiff seeks to remove ECF No. 168, although it appears that he
7    is again referring to ECF No. 167. (ECF No. 170). The Court grants Plaintiff's motion (ECF No.
8    168) in part to the extent it seeks to strike Plaintiff's erroneously filed exhibit at ECF No. 167,
9    and denies his other two motions (ECF Nos. 169, 170) as duplicative. The Court will strike ECF
10   No. 167 from the docket using its inherent power to control the docket. *E.g., Ready Transp., Inc.*
11   *v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Metzger v. Hussman*, 682 F. Supp. 1109,
12   1110-11 (D. Nev. 1988).

13   In two motions, Plaintiff moves to supplement the record with more information about his
14   communications with the Clerk's Office of the United States Supreme Court. (ECF Nos. 171,
15   173). Plaintiff provides no basis for this supplementation other than perhaps to support his belief
16   that his petition to the United States Supreme Court operated to excuse him from his September
17   25, 2025, deposition. But the Court has already rejected this reasoning. (ECF No. 158). And
18   even if the Court accepted Plaintiff's supplementation, it would not change the Court's decision.
19   *See* LR 7-2(g) (providing that supplementation is not allowed without leave of court granted for
20   good cause). It therefore denies Plaintiff's motions to supplement.

21   Plaintiff also moves to supplement the record with documents showing that Plaintiff has
22   attempted to file criminal charges against AT&T and its legal administrator in Maryland for
23   AT&T's allegedly "false" statement that it did not employ Plaintiff. (ECF No. 172). Plaintiff
24   provides no basis for this supplement. *See* LR 7-2(g). The Court did not request it and does not
25   require it to resolve any pending issues. So, the Court denies it.
26   ///
27   ///
28   ///

**IT IS THEREFORE ORDERED** that Plaintiff's motions (ECF Nos. 160, 165, 169, 170, 171, 172, 173) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's motion (ECF No. 168) is **granted in part** to the extent it seeks to strike Plaintiff's erroneously filed exhibit at ECF No. 167. It is denied in all other respects.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to **strike** ECF No. 167 from the docket.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send a copy of this order to Plaintiff.

DATED: December 29, 2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE