**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Antonio Goodwin,<br><br>    Plaintiff,<br><br>v.<br><br>AT&T,<br><br>    Defendant. | Case No. 2:23-cv-01950-GMN-DJA<br><br>**Order<br>and<br>Report and Recommendation** |

Pro se Plaintiff Antonio Goodwin sues Defendant AT&T for discrimination and retaliation he alleges he experienced as an AT&T sales consultant. After granting Defendant's motions for Federal Rule of Civil Procedure 11 and Federal Rule of Civil Procedure 37 sanctions, the undersigned magistrate judge held a hearing to determine appropriate sanctions under Rule 11 and to hear whether Plaintiff could establish substantial justification or unjustness under Rule 37. Having determined that Plaintiff could not pay monetary sanctions, but that Plaintiff had not observed prior admonishments and had not demonstrated substantial justification or unjustness, the undersigned took the issue under advisement. The undersigned now issues this recommendation to the assigned district judge, the Honorable District Judge Gloria M. Navarro, to certify that Plaintiff's pending appeals are frivolous and to dismiss Plaintiff's case without prejudice. The undersigned further denies Plaintiff's pending motions. (ECF Nos. 180, 181, 182, 183, 184, 188).

**I.    Background.**

On June 5, 2025, the undersigned granted Defendant's motion for Rule 11 sanctions, finding that Plaintiff had made repeated and unsupported accusations that Defendant and its counsel had committed "fraud" and "perjury" in maintaining Defendant's position that it had not employed Plaintiff. (ECF No. 96). The undersigned set a hearing to determine the appropriate

1  sanction, which hearing was postponed due to Plaintiff filing two unsuccessful appeals. (ECF
2  Nos. 100, 101) (appeals); (ECF No. 112) (order dismissing appeals).

3        On July 28, 2025, the undersigned ordered Plaintiff to sit for his deposition given his
4  uncooperativeness in scheduling that deposition with Defendant. (ECF No. 114). However,
5  instead of coordinating that deposition with Defendant, Plaintiff filed a barrage of frivolous
6  motions[1] and again unsuccessfully attempted to appeal the undersigned's order[2] requiring him to
7  sit for his deposition. (ECF No. 115) (appeal); (ECF No. 124) (order dismissing appeal).
8  Plaintiff's uncooperativeness forced Defendant to unilaterally set Plaintiff's deposition, which
9  deposition Plaintiff missed despite not objecting to the date or stating that he could not make it.
10 So, Defendant moved for sanctions under Rule 37. (ECF No. 140). The undersigned granted that
11 motion, but postponed the sanction award until after a hearing at which Plaintiff could argue
12 whether his failure to attend his deposition was substantially justified or whether circumstances
13 would make an award of sanctions unjust. (ECF Nos. 140, 158). Plaintiff again unsuccessfully
14 appealed the order granting the motion for sanctions. (ECF No. 159) (notice of appeal); (ECF
15 No. 178) (order dismissing appeal).

16       On December 30, 2025, the undersigned held a hearing to determine appropriate sanctions
17 under Rule 11 and to hear whether Plaintiff could show substantial justification or unjustness
18 under Rule 37. (ECF No. 179). The undersigned declined to issue monetary sanctions given
19 Plaintiff's stated financial hardship. However, Plaintiff's promises to no longer lodge
20 unsupported accusations against Defendant and its counsel rang hollow given his motion to
21 supplement the record with claims that he is pursuing criminal charges against Defendant in
22 Maryland for its statement that it has no records of employing Plaintiff. (ECF No. 172). And
23 Plaintiff could provide no convincing reason for his failures to cooperate with Defendant in

---

[1] *See, e.g.*, (ECF Nos. 121, 127, 135, 137, 142, 143, 152, 154, 160, 165, 169, 170, 171, 172, 173).

[2] Plaintiff did not actually appeal the undersigned's order. (ECF No. 115) (Plaintiff's notice of appeal). Instead, he appealed ECF No. 110, which was his motion to supplement the record which the undersigned liberally construed as a motion for protective order asking the undersigned to excuse him from sitting for his deposition. (ECF Nos. 110, 111, 114).

scheduling his deposition or for failing to attend his deposition despite the undersigned's order. So, the undersigned took the possibility of case terminating sanctions under advisement.

In the seven days since the hearing, Plaintiff has filed two more appeals of the undersigned's order and of the minutes of the December 30, 2025, hearing. (ECF Nos. 185, 187). Those appeals are pending and have not been given case numbers by the Ninth Circuit. Plaintiff has also filed four motions to supplement (ECF Nos. 180, 181, 182, 184), a motion "to receive document [123]" (ECF No. 183), and motion to supplement/motion for protective order (ECF No. 188).

## II. Discussion.

### A. Certification.

The undersigned acknowledges that at least two of Plaintiff's appeals are still pending. (ECF Nos. 185, 187) (appeals); (ECF No. 186) (notice of corrected image of ECF No. 185). While, normally, a district court is "automatically divested of its authority to proceed" with dispositive portions of a case while an interlocutory appeal is pending, the court may certify that such an appeal is frivolous and move forward anyway. *See Rodriquez v. Cnty. of L.A.*, 891 F.3d 776, 790–92 (9th Cir. 2018) (citing *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992)) (internal quotations omitted). Plaintiff's first still-pending appeal challenges an order that is neither final nor one of the few types of interlocutory orders that can be immediately appealed. (ECF Nos. 185, 186); *see* 28 U.S.C. § 1292(a). Indeed, it challenges a magistrate judge order, which is neither final nor appealable. *See* 28 U.S.C. § 1291; *see In re San Vincente Med. Partners Ltd.*, 865 F.2d 1128, 1131 (9th Cir. 1989) (finding that magistrate judge orders are not final or appealable). Plaintiff's second still-pending appeal does not challenge an order at all, but appeals the minutes of the undersigned's December 30, 2025, proceedings. (ECF No. 187). Even if the minutes were considered an order, it would be an interlocutory magistrate judge order, not final or appealable. So, the undersigned recommends that Plaintiff's appeals be certified as frivolous and "wholly without merit," and that Plaintiff's case be dismissed for the reasons outlined below despite the pendency of those appeals. *United States v. Kitsap Physicians Serv.*,

314 F.3d 995, 1003 n.3 (9th Cir. 2002) (noting that a district court may deem an appeal frivolous only if it is "wholly without merit").

### B. Dismissal.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate ... dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

Here, Plaintiff has not complied with the undersigned's order to sit for his deposition and has filed repetitive and frivolous motions that do not comply with the Local Rules. His filings in this case, including those that the undersigned found violated Rule 11, indicate that dismissal sanctions are appropriate. The undersigned therefore recommends case terminating sanctions to remedy these violations.

In considering dismissal sanctions, the first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Plaintiff's claims. Plaintiff filed this action in November of 2023, but still has yet to sit for his deposition. He has delayed and multiplied these proceedings through his frivolous filings, most of which violate the Local Rules.[3] His constant frivolous motions have

---

[3] *See, e.g.*, (ECF No. 177) (denying Plaintiff's motion "of a courtesy reminder" because Local Rule IA 7-1(a) provides the mechanism by which he could obtain the relief he sought, denying Plaintiff's motion for appointment of counsel for not including points and authorities as required

also cost the court significant time and effort to resolve.  The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  The undersigned has also already found that Plaintiff has engaged in sanctionable conduct, causing Defendant to incur thousands of dollars.  But Plaintiff is unable to pay those sanctions.  So, Defendant is prejudiced by the continuance of this action.  The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

   The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failures that brought about the court's need to consider dismissal.  Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.  Here, the undersigned cannot fashion possible or meaningful alternative sanctions.  Plaintiff has stated in open court that he lacks the financial capability to pay monetary sanctions, so monetary sanctions would not be effective.  And admonishments have been unsuccessful as well.  Despite the undersigned informing Plaintiff that whether Defendant employed him is a contested issue of fact, Plaintiff has repeatedly claimed that Defendant is committing some sort of criminal offense by maintaining that defense.  Despite the undersigned ordering Plaintiff to sit for his deposition, Plaintiff has been uncooperative and evasive in scheduling that deposition.  There is no reason to believe that Plaintiff would comply with any further court orders given his previous failures to comply.  Finally, the Court has attempted on two occasions to provide Plaintiff with pro bono representation, but those attempts have also proved unsuccessful.  Absent meaningful alternatives, the fifth factor favors dismissal.  The undersigned therefore recommends that this case be dismissed without prejudice.[4]

---

by Local Rule 7-2(a), and denying Plaintiff's motions to supplement the record for not providing good cause for the supplements as required by Local Rule 7-2(g)).

[4] A dismissal without prejudice means that Plaintiff may file a new case under a new case number.

**C.    Pending motions.**

The undersigned also denies Plaintiff's four motions to supplement (ECF Nos. 180, 181, 182, 184), motion "to receive document [123]" (ECF No. 183), and motion to supplement/motion for protective order (ECF No. 188).  Plaintiff's supplements are unnecessary and were not requested by the undersigned.  *See* LR 7-2(g) (providing that supplementation is not allowed without leave of court granted for good cause).  Plaintiff's motion to receive document is moot because Defendant already sent Plaintiff a copy of the document Plaintiff requests.  (ECF No. 176).  And Plaintiff's motion to supplement/motion for protective order largely mirrors his notice of appeal (ECF No. 187), attaches the same supplemental documents as ECF No. 181 that the undersigned has already rejected, and does not actually seek relief under Federal Rule of Civil Procedure 26(c).

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's motions (ECF Nos. 180, 181, 182, 183, 184, and 188) are **denied.**  The Clerk of Court is kindly directed to send Plaintiff a copy of this order.

## RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's appeals (ECF Nos. 185, 186, 187) be **certified as frivolous**.

**IT IS FURTHER RECOMMENDED** that, if such certification should issue, this case be **dismissed without prejudice.**

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days after service of this Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474

U.S. 140, 142 (1985) *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues could waive the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983); *see Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).

DATED: January 6, 2026

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE