# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

Antonio Goodwin,

               Plaintiff,

    v.

AT&T,

               Defendant.

Case No. 2:23-cv-01950-GMN-DJA

**Order**

Pro se Plaintiff Antonio Goodwin has filed multiple motions related to his appeal of the order dismissing and closing this case.  (ECF No. 213) (notice of appeal); (ECF No. 215) (assigning appellate case number 26-927 to the appeal).  Plaintiff has sought a waiver of the fee for ordering his transcripts for his appeal (ECF No. 220), to supplement the record to show that he ordered his transcripts for his appeal (ECF No. 221), to supplement his motion to proceed *in forma pauperis* on appeal (ECF No. 222), and to correct the record on appeal (ECF Nos. 229, 230, 237).  However, the Ninth Circuit has dismissed Plaintiff's appeal as frivolous.  *See Goodwin v. AT&T Corporation*, No. 26-927, at Document 20 (9th Cir. June 2, 2026).  So, the Court denies Plaintiff's motions related to that appeal as moot.[1]

---

[1] These motions are referred to the undersigned magistrate judge.  Under Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A), magistrate judges may hear and decide pretrial matters that are not dispositive of a party's claim or defense.  Under 28 U.S.C. § 636(b)(3), a "magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States."  Courts have interpreted this authority to extend to post-trial matters comparable to pretrial matters regularly assigned to magistrate judges for decision.  *See Estate of Brown v. Lambert*, No. 15-cv-1583-DMS-WVG, 2020 WL 3606392, at *3 (S.D. Cal. July 2, 2020) (compiling cases).  Here, although this case is now closed, it has not proceeded to trial and Plaintiff's motions for fee waivers, to supplement the record, and to correct the record are comparable to non-dispositive pretrial matters that the undersigned magistrate judge regularly decides.  So, the undersigned decides these motions in an order and not a recommendation.

Plaintiff also moves the Court to reconsider its order denying his motion for an exemption from PACER fees. (ECF No. 227). However, not only does Plaintiff fail to provide points and authorities in support of his motion, his instant case and his appeal have been dismissed. *See* LR 7-2(a). So, the Court denies his motion to reconsider.

**IT IS THEREFORE ORDERED** that Plaintiff's motions (ECF Nos. 220, 221, 222, 227, 229, 230, and 237) are **denied.**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send a copy of this order to Plaintiff.

DATED: June 3, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE